THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY PIPER and BRENDA PIPER, | CASE NO. C20-1247-JCC |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| JP MORGAN CHASE BANK NA, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On September 10, 2020, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiffs' motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To provide a defendant with fair notice, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiffs Gary Piper and Brenda Piper appear to allege that JP Morgan Chase Bank (JPMC) is wrongfully stating that Plaintiffs are in default on their car loan and wrongfully attempting to repossess the car. (*See generally* Dkt. No. 5.) According to the complaint, Plaintiffs seek "$100K in compensatory and punitive damages for violation of [the Truth in Lending Act (TILA)], breach of contract, violation of the statute of frauds as it were (having terms and conditions not agreed to in writing in essence made part of the agreement or treated as such), violation of Federal Consumer protection laws treating disclosures of key terms clearly, [and] for violation of the UCC provisions." (*Id.* at 2.) Plaintiffs allege JPMC will not "release" Plaintiffs even though Plaintiffs are not required "to do anything until and unless exhibition and presentment of the original instrument(s) can be made to the Plaintiff for honor, acceptance, payment, and/or performance upon inspection of its terms, conditions, and proof of holder-in-due-course thereof and any proofs as to chain of conveyance and authority to enforce presently." (*Id.* at 3.) Plaintiffs further allege that JPMC cannot show "that no securitization or monetization had occurred." (*Id.* at 4.)

Plaintiffs' complaint fails to allege sufficient facts to place JPMC on fair notice of the nature of Plaintiffs' claims. Although the complaint cites various federal laws, the complaint lacks facts to support specific, identifiable violations of any of the cited legal provisions. For example, with respect to the TILA claim, the complaint lacks details about the loan transaction and about which material disclosures are alleged to have been withheld. With respect to the breach of contract claim, the complaint does not identify the contract at issue, the parties to the

contract, the particular provision of the contract allegedly violated, or how Plaintiffs were injured.  The complaint alleges that the note was securitized and that JPMC has failed to present an original instrument, but points to no laws or contractual provisions that prohibit securitization or require presentment of an original instrument.

Accordingly, the Court ORDERS Plaintiffs to show cause why this complaint should not be dismissed for failure to state a claim. Plaintiffs may do so by filing an amended complaint within thirty (30) days of the issuance of this order. If Plaintiffs fail to state sufficient facts to support a cognizable legal theory, their complaint will be dismissed. The Clerk is DIRECTED to mail a copy of this order to Plaintiffs.

DATED this 28th day of September 2020.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk