THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY PIPER and BRENDA PIPER, | CASE NO. C20-1247-JCC |
| Plaintiffs, | ORDER |
| v. | |
| JP MORGAN CHASE BANK NA, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' amended complaint (Dkt. No. 8). The Court reviewed Plaintiffs' original complaint under 28 U.S.C. § 1915(e)(2)(B) and concluded it failed to state a claim upon which relief could be granted. (Dkt. No. 7.) Accordingly, the Court directed Plaintiffs to file an amended complaint curing the deficiencies. The Court now concludes Plaintiffs' amended complaint fails to cure the deficiencies in the original complaint and must be DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

I.    **DISCUSSION**

A.    **Legal Standard**

The Court must dismiss a complaint filed *in forma pauperis* prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). To state a claim for relief, a pleading must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To provide a defendant with fair notice, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The complaint must be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court liberally construes *pro se* complaints. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

      **B.**      **Plaintiffs' Amended Complaint**

In their amended complaint, Plaintiffs allege that Defendant JP Morgan Chase Bank ("JPMC") is wrongfully stating that Plaintiffs are in default on their car loan and wrongfully attempting to repossess the car. (*See generally* Dkt. No. 8.) Plaintiffs' allegations are difficult to understand, but their primary complaint appears to be that JPMC will not present the original loan documents for Plaintiffs' inspection. (*See, e.g.*, *id.* at 2–3.)

Specifically, Plaintiffs allege that JPMC has (1) violated Section 5 of the Federal Trade Commission Act ("FTCA") by "ma[king] a statement . . . likely to mislead the customer into believing that [JPMC does] not have to comport with the laws that are triggered upon [its] demand for payment or performance or that [JPMC] can unilaterally dispose of original contracts," (*id.* at 5); (2) violated the Fair Credit Reporting Act ("FCRA") by making false representations to credit reporting agencies "aimed at convincing [the credit reporting agencies] to participate in the acts of aggression toward Plaintiff to coerce plaintiff to pay . . . without receiving presentment or exhibition which was duly sought," (*id.*); (3) violated the Gramm-Leach-Bliley Act ("GLBA") by giving Plaintiffs' information out "to other parties over and over based on the Plaintiff asking for Presentment and/or exhibition of the contract," (*id.* at 6); and (4) violated the Fair Debt Collection Practices Act ("FDCPA") by giving misleading information to

credit reporting bureaus "which was meant to deceive or mislead Plaintiff into simply relenting and going along with their demands without the prerequisite that they demonstrate that they possess more than a made up forged document to bind Plaintiff," (*id.* at 7.)

Plaintiffs also allege violations of the Truth in Lending Act [("TILA")], breach of contract, "violation of the statute of frauds as it were (having terms and conditions not agreed to in writing in essence made part of the agreement or treated as such), violation of Federal Consumer protection laws treating disclosures of key terms clearly, [and] . . . violation of the UCC provisions." (*Id.* at 7.) Plaintiffs seek a permanent injunction enjoining JPMC from repossessing the vehicle, an order releasing any liens and encumbrances and declaring Plaintiffs to be the owners of the vehicle free and clear, and monetary damages. (*Id*. at 13.)

Even liberally construed, Plaintiffs' amended complaint fails to state a claim upon which relief can be granted. First, Plaintiffs' FTCA, FCRA, and GLBA claims are not legally cognizable because the provisions Plaintiffs rely on are not privately enforceable. *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) (holding that section 5(a)(1) of the FTCA is not privately enforceable as the Act vests remedial power solely in the Federal Trade Commission); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (holding that the provision of the FCRA prohibiting the furnishing of inaccurate information to credit reporting agencies, section 1681s-2(a), is enforceable only by federal or state agencies); *Barnett v. First Premier Bank*, 475 Fed. App'x 174 (9th Cir. 2012) (holding that there is no private right of action under the GLBA). Accordingly, Plaintiffs' FTCA, FCRA, and GLBA claims are DISMISSED with prejudice.

Second, Plaintiffs fails to state an FDCPA claim because their factual allegations do not give rise to the inference that JPMC is a debt collector whose conduct is regulated by the FDCPA, but rather, that JPMC is the creditor to whom Plaintiffs' debt is owed. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) ("Because [the FDCPA's] prohibitions apply only to 'debt collector[s]' as defined by the Act, the complaint must plead

'factual content that allows the court to draw the reasonable inference' that [Defendant] is a debt collector."); 15 U.S.C. § 1692a(6) (defining "debt collector" in relevant part as "[a]ny person who . . . regularly collects or attempts to collect . . . debts owed or due . . . *another*) (emphasis added). Accordingly, Plaintiffs' FDCPA claim is DISMISSED without prejudice and without leave to amend. Denying leave to amend is appropriate because the Court previously gave Plaintiffs leave to amend their complaint to allege specific facts showing how JPMC committed the alleged claims, including violations of federal consumer protection statutes, but Plaintiffs failed to do so.

Plaintiffs' remaining claims (for violations of TILA, the statute of frauds, and the UCC and for breach of contract) are either legally incognizable or factually unsupported. Plaintiffs do not state a claim under the statute of frauds because it is a defense, not a cause of action. *See* Wash. Rev. Code § 19.36.110. Accordingly, this claim is DISMISSED with prejudice. With respect to Plaintiffs' TILA claim, the complaint lacks factual allegations about the loan transaction and about which material disclosures are alleged to have been withheld. With respect to the breach of contract claim, the complaint does not identify the contract at issue, the parties to the contract, the particular provision of the contract allegedly violated, or how Plaintiffs were injured. Finally, Plaintiffs fail to state a claim under the UCC because the complaint does not identify any specific statutory provision that JPMC allegedly violated. To state a claim, the complaint must put JPMC and the Court on fair notice of the claim asserted and neither JPMC nor the Court are required to speculate as to which provisions Plaintiffs are suing under or how JPMC allegedly violated such provisions. *See* Fed. R. Civ. P. 8(a). Accordingly, Plaintiffs' TILA, breach of contract, and UCC claims are DISMISSED without prejudice and without leave to amend.

## II.    CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiffs' complaint under 28 U.S.C. § 1915(e)(2)(B). The Clerk is DIRECTED to mail a copy of this order to Plaintiffs and to close this

case.

DATED this 10th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE